FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 3 0 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KENNETH ENG,

       Plaintiff,

 -against-


CAPTAIN BLUE HEN COMICS,

       Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-3631 (ENV) (LB)

----------------------------------------------------------------x
KENNETH ENG,

       Plaintiff,

 -against-


MATT BURGER,

       Defendant.
----------------------------------------------------------------x

14-CV-3632 (ENV) (LB)

----------------------------------------------------------------x
KENNETH ENG,

       Plaintiff,

 -against-


RADIO COMIX; UNKNOWN AUTHOR OF
PSEUDONYM "SMUDGE" and/or "GARCIA,"

       Defendants.
----------------------------------------------------------------x

14-CV-3810 (ENV) (LB)

VITALIANO, D.J.,

In June 2014, plaintiff Kenneth Eng, appearing pro se, filed three actions alleging copyright infringement, pursuant to 17 U.S.C. § 501, which are consolidated for purposes of this Order. The Court grants Eng's collateral application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, but dismisses all three complaints for the reasons stated below.

## Background

In all three actions, Eng alleges that someone infringed an artistic work he created while a student at New York University in 2003.

In his first action, Eng v. Captain Blue Hen Comics, No. 14-CV-3631 ("Complaint #1"), plaintiff alleges that he first pitched the idea of Einstein and other scientists becoming superheroes. He further asserts that in 2006, he obtained a copyright for the project, "and sent it out to production companies." Compl. at 1 ¶ III. Eng avers that, "[i]n December 2010, Captain Blue Hen Comics published a drawing of Einstein dressed as a superhero." He believes Captain Blue Hen Comics copied his work, and seeks 10 million dollars in damages for the alleged infringement.

In his second action, Eng v. Burger, No. 14-CV-3632 ("Complaint #2"), plaintiff's claim, in its entirety, reads:

> Sometime in 2007, Matt Berger created a band or album called Terrordactyl.
>
> Please see:
> http://www.linkedin.com/in/mattroiberger
> https://myspace.com/terrordactylisgo/music/songs

> I had a character named Terrordactyl in one of my screenplays when I was a student at NYU film school. Matt Berger was a classmate of mine, and I am accusing him of stealing this name from me.

Compl. at ¶ 3. Plaintiff seeks one million dollars in monetary damages.

In his third action, Eng v. Radio Comix, No. 14-CV-3810 ("Complaint #3"), plaintiff alleges that he created a character named Pegasus, "an anthropomorphic unicorn who wears shades and has blonde hair." Compl. ¶ 3. Eng states that his work featuring the character of Pegasus was published by FurNation in 2007. Plaintiff claims that in July 2009, defendant published "The Bureau of Mana Investigation," which has a character that also appears to be "an anthropomorphic unicorn who wears shades and has blonde hair." Id. He contends that defendants copied his idea, and, as a result, seeks 10 million dollars in damages.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action sua sponte where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To withstand preliminary scrutiny, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Moreover, it is

axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys; courts are required to read pro se complaints liberally and interpret them as raising the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89 (2007); Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191–93 (2d Cir. 2008).

## Discussion

To establish copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. Webb v. Stallone, 555 F. App'x 31 (2d Cir. 2014) (summary order); Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003).

As a preliminary matter, Eng does not allege, in any of these three cases, that he has registered his copyrights with the Copyright Office, a precondition to an infringement suit under § 501.[1] 17 U.S.C. § 411(a); see also Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010); Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 125 (2d Cir. 2014) (noting that registration, or at least an attempt at registration, is necessary before filing a copyright infringement claim). Even if Eng had properly registered copyrights, however, his allegations in all three actions would be insufficient to state a claim for infringement.

---

[1] In his first complaint, Eng does assert that he "obtained a copyright" for his idea of Einstein and other scientists becoming superheroes. A properly pleaded copyright infringement claim, however, must allege, "that plaintiff owns the copyrights in those works, [and] that the copyrights have been registered in accordance with [statutory requirements]." Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC, No. 13-CV-5023, 2014 WL 2481904 (S.D.N.Y. June 2, 2014) (emphasis added) (citation and internal quotation marks omitted).

4

Once the validity of a copyright has been established, a plaintiff must prove infringement by demonstrating that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010) (citation and internal quotation marks omitted).

Actual copying may be proved directly or indirectly. Indirect evidence of copying includes proof that defendants had access to the copyrighted work and that probative similarities exist between the works. See Hamil Am. Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999). As direct proof of access is often difficult to adduce, the law permits a plaintiff to prove access through evidence that an alleged infringer had a "reasonable possibility of access" to the original work. Jorgensen v. Epic/Sony Records, 351 F.3d 46, 53 (2d Cir. 2003).

"The standard test for substantial similarity between two items is whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'" Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001) (quoting Hamil Am., 193 F.3d at 100). Application of the "ordinary observer test" involves asking "whether 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" Peter F. Gaito Architecture, 602 F.3d at 66 (quoting Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995)).

A. Complaint #1

Eng's first complaint lacks sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. 678. The few relevant allegations in the complaint are little more than conclusory assertions that defendant "copied" plaintiff's work. See Compl. at 1. Moreover, Eng never specifies what his "work" actually is. He claims that he created the "idea" of Einstein and other scientists becoming superheroes. The Copyright Act, however, "protects 'original works of authorship fixed in any tangible medium of expression,' but not ideas." Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc., 716 F.3d 302, 320 (2d Cir. 2013) (citation omitted).

The Court also notes that plaintiff's claim may be time-barred. The statute of limitations for copyright infringement is three years. See 17 U.S.C. § 507(b). Eng claims that the alleged infringement occurred in December 2010. However, he fails to specify when it was discovered. See Psihoyos, 748 F.3d at 124 (holding that "copyright infringement claims . . . accrue [upon] actual or constructive discovery of the relevant infringement").

B. Complaint #2

In Eng's second action, his infringement claim fails because, to be protected by copyright law, a work must contain a minimum amount of authorship in the form of original literary expression. Names, titles, or other short phrases do not meet these requirements. See 37 C.F.R. § 202.1(a); Ward v. Andrews McMeel Pub., LLC, 963 F.

Supp. 2d 222, 232 (S.D.N.Y. 2013). Thus, plaintiff cannot claim ownership of statutory copyright for the name Terrordactyl. Compl. at 1.

C. Complaint #3

Eng's third complaint also fails to state a claim. Plaintiff has attached to his complaint, or referenced, images of both his and defendant's versions of the unicorn in question. See Compl. at 1 ¶ III. It is apparent from these images that "an average lay observer" would not recognize the Radio Comix character "as having been appropriated from [plaintiff's] work." Peter F. Gaito Architecture, 602 F.3d at 66 (citation and internal quotation marks omitted). That both characters are unicorns wearing sunglasses is not a sufficient basis for a valid infringement claim. See Mattel, Inc. v. Azrak-Hamway Inat'l, Inc., 724 F.2d 357, 360 (2d Cir. 1983); Nichols v. Universal Pictures Corp., 45 F.2d 119, 121 (2d Cir. 1930). Put simply, it is clear that the two characters are not "substantial[ly] similar[]."[2] Yurman Design, 262 F.3d at 111.

Conclusion

In accord with the foregoing, the three complaints, filed in forma pauperis, are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. Eng's second and third complaints are dismissed with prejudice. See Cuoco v. Moritsugu,

---

[2] "The question of substantial similarity is by no means exclusively reserved for resolution by a jury." Peter F. Gaito Architecture, 602 F.3d at 63–64. Thus, in dismissing a complaint for failure to state a claim, courts should "consider the copyrighted works and the allegedly infringing works, keeping in mind that the documents supersede the parties' allegations . . . ." Williams v. Black Entm't Television, Inc., No. 13-CV-1459, 2014 WL 585419, at *8 (E.D.N.Y. Feb. 14, 2014).

222 F.3d 99, 112 (2d Cir. 2000). However, his first complaint is dismissed without prejudice and with leave to replead, taking into account the analysis contained in this Order. Should plaintiff decide to file an amended complaint, it shall be captioned "Amended Complaint," and shall bear the same docket number as the original, 14-CV-3631. Plaintiff is advised that an amended complaint will completely replace the original complaint. If plaintiff fails to timely file an amended complaint within 30 days of the entry of this Order on the docket, his case will be dismissed, and final judgment entered for defendant.

The Court notes that plaintiff has filed seven in forma pauperis actions in this Court over the past eight months, including four recent actions all alleging copyright infringement. See Eng v. Carter, No. 13-CV-4855 (dismissed by order dated November 11, 2013, pursuant to 28 U.S.C. § 1915(e)(2)(B)); Eng v. Dixon, No. 14-CV-1501 (dismissed with prejudice by order dated May 6, 2014, pursuant to 28 U.S.C. § 1915(e)(2)(B)); Eng v. Reichardt et al., No. 14-CV-1502 (dismissed with prejudice by order dated June 9, 2014, pursuant to 28 U.S.C. § 1915(e)(2)(B)); Eng v. Baldwin, 14-CV-1644 (order dated May 19, 2014, granting plaintiff leave to file an amended complaint regarding his copyright infringement claim). Plaintiff is hereby warned that if he continues to file repeated frivolous complaints he may be subject to a filing injunction or the imposition of monetary sanctions upon notice and opportunity to be heard. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is

denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

      **SO ORDERED.**

Dated: Brooklyn, New York
      June 19, 2014

                                  s/Eric N. Vitaliano
                              **ERIC N. VITALIANO**
                              **United States District Judge**